878 F.2d 1443
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
APPLICATION ART LABORATORIES CO., LTD., Plaintiff/Cross-Appellant,
v.
Tamao MORITA and Magleader Co., Ltd., Defendants-Appellants.
Tamao MORITA and Magleader Co., Ltd., Plaintiffs-Appellants,
v.
APPLICATION ART LABORATORIES CO., LTD., Defendant-Cross/Appellant.
 Nos. 89-1270, 89-1271, 89-1293 and 89-1294.
 United States Court of Appeals, Federal Circuit.
 March 30, 1989.
 
 Before FRIEDMAN, BISSELL and ARCHER, Circuit Judges.
 ARCHER, Circuit Judge.
 
 ORDER
 
 1
 Tamao Morita and Magleader Co., Ltd. (Morita) move to dismiss the cross-appeals of Application Art Laboratories Co., Ltd. (AA), appeal nos. 89-1271 and 89-1294. AA opposes the motion. Morita moves for expedited briefing.
 
 
 2
 On January 11, 1989, the United States District Court for the District of Columbia issued an order (1) denying Morita's motion to dissolve a preliminary injunction, (2) granting Morita's motion to modify the pretrial order, (3) deferring AA's motion for costs, fees and expenses, (4) deferring AA's motion for an adjudication of contempt, and (5) sua sponte, declaring a mistrial and setting the case for a new trial. Morita appealed from that portion of the order denying its motion to dissolve the preliminary injunction. In its notices of cross-appeal, AA merely states that it is cross-appealing "from the Order entered in this action on January 11, 1989." In its response filed here, AA states that it intends to raise the mistrial issue, the reopening of the pretrial order, and other matters.
 
 
 3
 Morita moves to dismiss on the ground that AA's cross-appeals are not appealable under 28 U.S.C. Sec. 1292 or any other statutory provision. In response, AA argues that the court has a pendent jurisdictional basis for reviewing the cross-appeals. AA relies on Intermedics Infusaid, Inc. v. Regents v. Univ. of Minn., 804 F.2d 129 (Fed.Cir.1986) for the proposition that the court may review rulings that are factually interdependent with an injunction order. However, AA's argument is not on point. The doctrine of pendent jurisdiction at the appellate level relates to the breadth or extent of review by an appellate court, not to the appealability of a nonfinal interlocutory order. AA suggests no statutory basis for appealing from the order in the first instance.
 
 
 4
 Accordingly,
 
 IT IS ORDERED THAT:
 
 5
 (1) Morita's motion to dismiss appeal nos. 89-1271 and 89-1294 is granted.
 
 
 6
 (2) Morita's motion to expedite is granted insofar as oral argument will be scheduled on the June calendar.